**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
JAMIE S. COGBURN, ESQ.
Nevada Bar No.: 8409
jsc@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES GRAHL; individually and on behalf of all others similarly situated, | Case No.: 2:14-cv-00305-RFB-VCF |
| Plaintiffs, | **CONFIDENTIALITY AND PROTECTIVE ORDER** |
| vs. | |
| CIRCLE K STORES, INC., a foreign corporation; DOES I through V, inclusive; and ROE corporations I through V, inclusive, | |
| Defendants. | |

Plaintiffs Charles Grahl and all others similarly situated, and Defendant Circle K Stores, Inc., by and through their respective counsel, hereby agree that, during discovery in this matter, certain confidential, proprietary, private, personal and/or financial information may be disclosed. It is necessary to maintain the confidentiality of that information and ensure it is properly handled throughout litigation and is used for no purpose other than prosecuting this litigation so as to protect the interests of the parties and third parties.

The parties acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section IX below, that this Stipulation and Protective Order does not entitle them

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

to file confidential information under seal; the Local Rules set forth the procedures that must be followed to seek permission from the Court to file material under seal.

Therefore, it is HEREBY STIPULATED AS FOLLOWS between the parties, subject to Court approval.

## I.

## DEFINITIONS

**Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**House Counsel:** attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

**Outside Counsel of Record**:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**Party:**  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**Professional Vendors:**  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**Protected Material:**  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

**Receiving Party:**  a Party that receives Disclosure or Discovery Material from a Producing Party.

## II.

## USE OF DISCOVERY MATERIAL

Protected Materials shall be used only in preparation for and conduct of this action or any related appeal (including use in briefs, memoranda, correspondence and other documents relating thereto) and shall not be used for any other purpose except upon consent of the Designating Party or upon order of the Court.  Nothing in this Stipulation and Protective Order shall prevent any Party or Non-Party from using or disclosing its own Protected Materials as it deems appropriate.

## III.

## SCOPE

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do

Page 3 of 13

not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or the result of any inadvertent disclosures, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.

### DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.

### DESIGNATION OF PROTECTED MATERIAL

Any Party or Non-Party that provides Discovery Materials may designate such Disclosure or Discovery Materials as "Confidential." Such a designation shall constitute a representation by the Party or Non-Party that they, in good faith, believe that the material so designated qualifies for protection under the appropriate legal standards.

Designation in conformity with this Stipulation and Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

1   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

2   margins).

3          A Party or Non-Party that makes original documents or materials available for

4   inspection need not designate them for protection until after the inspecting Party has indicated

5   which material it would like copied and produced. During the inspection and before the

6   designation, all of the material made available for inspection shall be deemed

7   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

8   produced, the Producing Party must determine which documents, or portions thereof, qualify for

9   protection under this Order. Then, before producing the specified documents, the Producing

10  Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If

11  only a portion or portions of the material on a page qualifies for protection, the Producing Party

12  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

13  margins).

14         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

15  Designating Party identify on the record, before the close of the deposition, hearing, or other

16  proceeding, all protected testimony. The court reporter must separately bind the portions of any

17  deposition transcript or exhibit revealing Confidential Information.

18         Up to thirty days after the receipt of the deposition transcript, any Party may also

19  inform the other in writing of the portions of the transcript which shall be marked and treated as

20  Confidential. All transcripts shall be treated as Protected Material during this thirty-day period.

21         (c) for information produced in some form other than documentary and for any other

22  tangible items, that the Producing Party affix in a prominent place on the exterior of the

23  container or containers in which the information or item is stored the legend

24  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

25  the Producing Party, to the extent practicable, shall identify the protected portion(s).

26         If previously-produced Discovery Materials are later found to require designation as

27  "CONFIDENTIAL," any Party or Non-Party may later designate such documents as

28  "CONFIDENTIAL" by informing the other Party in writing of the new designation. From that

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

point forward, all Parties must make reasonable efforts to assure that the Protected Materials are treated as Confidential pursuant to this Stipulation and Protective Order.

## VI.

### RESTRICTIONS ON THE DISCLOSURE OF CONFIDENTIAL MATERIAL

A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XIV below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Protected Material and all information contained therein shall not be disclosed to or discussed with any person except:

A.    the Receiving Party's Outside Counsel in this action, as well as to their staff (including legal assistants and other persons employed and supervised by such counsel) as reasonably necessary to assist Outside Counsel in the conduct of this litigation;

B.    the parties and any officers, directors, employees and agents (including House Counsel) of the Receiving Party as reasonably necessary to assist Outside Counsel in the conduct of this litigation;

C.    Experts (as defined in this Order) of the Receiving Party as reasonably necessary to assist Outside Counsel in the conduct of this litigation and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

D.    during their depositions, witnesses in this action, and counsel for such witnesses, to the extent deemed reasonably necessary by counsel for the conduct of this litigation;

E.    the Court (including the jury); and its personnel;

F.      court reporters and their staff, deposition reporters and videographers and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

G.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and,

H.      other persons only upon written consent of the Designating Party or upon order of the Court.

## VII.

## RESOLUTION OF CHALLENGES TO DESIGNATIONS

Entering into, agreeing, to and/or producing or receiving materials or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular Protected Material contains or reflects Confidential Information; (b) prejudice in any way the rights of any Party, subject to the procedure set out below, to apply to the Court for an order that Protected Material not be treated as "Confidential"; (c) prejudice in any way the rights of any Designating Party to object to any discovery requests that seek information or documents that it considers not subject to discovery; (d) prejudice in any way the rights of a Party to seek determination of the Court that particular Protected Material should be produced; or (e) prejudice in any way the rights of a Designating Party to apply to the Court for further protective orders relating to any confidential information.

No Party to this action is obliged to challenge the protected status of any Protected Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a Receiving Party seeks to challenge the appropriateness of protected treatment of any Protected Material at any time, such Party shall provide written notice of the designation it is challenging and describe the basis for each challenge.

The Parties shall consult in good faith by conferring directly (by phone or in person) in an effort to resolve the matter on an informal basis.  The Parties  will take all efforts to begin this process within 14 days of the date of service of the written notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

In the event no agreement is reached, the Designating Party shall promptly file a motion upholding such designation. Failure of the Designating Party to file a timely motion shall automatically waive the confidentiality designation for each challenged designation. Unless the Designating Party has waived the confidentiality designation by failing to file a timely motion, all parties shall continue to treat the material in question as "Confidential" until the Court rules on the motion.

## VIII.

### INADVERTENT DISCLOSURE OF PROTECTED MATERIAL

If any Protected Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the person responsible for the disclosure shall, upon discovery of the disclosure, immediately: a) inform the Party whose information is disclosed in writing of all facts pertinent thereto which, after due, diligent and prompt investigation, are known to the person responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made; b) use its best efforts to retrieve all unauthorized copies of the Protected Material; c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order; and d) request such person or persons to execute the Acknowledgement and Agreement to be Bound attached as Exhibit A.

## IX.

### FILING OF PROTECTED MATERIAL UNDER SEAL

Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file Protected Material with the Court. When possible, Protected Material shall be redacted before filing. The Party wishing to file the Protected Material with the Court shall contact the Designating Party to propose

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

redactions to remove the Protected Material.  The Parties shall work promptly and in good faith to ensure all Protected Material is redacted before the filing.

If the Protected Material cannot be redacted because (1) the Parties cannot agree on redactions; or (2) the filing party wishes the Court to review the Protected Material as relevant to the filing, then the filing party must comply with Local Rule 10-5(b) by filing a motion to file the Protected Material under seal.  The Designating Party shall provide the filing party with its justification for the Protected designation for the filing party to submit with its motion as long as the filing party identifies the Protected Material at issue at least three business days in advance of the filing.

## X.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XI.

## A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

## XII.

## INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
## MATERIAL

The production or disclosure during discovery of an attorney-client privileged, work product, or other protected documents or information shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the Producing Party to the same extent and as governed by Federal Rule of Evidence 502(d). Upon notice by the Producing Party that any such documents or information was produced or disclosed, all recipients of the documents or information shall not use it in any litigation, not permit it to be copied, distributed or otherwise disclosed to any person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court. Nothing in this Order shall prevent the receiving party from challenging the privilege, work produce, confidential, or protected designation with the Court.

## XIII.

## MISCELLANEOUS

**Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**Parties Bound by Stipulation.** The parties shall be bound by this Stipulation and Protective Order, regardless of whether or when it is entered as an Order of the Court.

## XIV.

## FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section IV, each Receiving Party must return all Protected Material to the Producing Party or destroy such

material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

IT IS SO STIPULATED.

Dated this 4th day of February, 2015.

**COGBURN LAW OFFICES**

By: /s/ Andrew L. Rempfer
    ANDREW L. REMPFER, ESQ.
    JAMIE S. COGBURN, ESQ.
Attorneys for Plaintiffs

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART**

By: /s/ Jill Garcia
    JILL GARCIA, ESQ.
    ANTHONY L. MARTIN, ESQ.
Attorneys for Defendant

**ORDER**

**IT IS SO ORDERED**

Date: 2-5-2015

**Honorable Cam Ferenbach**
**United States Magistrate Judge**

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the cases of *Grahl et. al. v. Circle K Stores, Inc.*  Case No. 2:14-cv-00305-RFB-VCF.  I agree to comply with and to be bound by all the terms of this Stipulation and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20237882.1

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936