**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHARLES GRAHL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CIRCLE K STORES, INC., a foreign corporation,<br><br>Defendant. | 2:14-cv-305-RFB-VCF<br><br>**ORDER** |

This matter involves Plaintiff Charles Grahl's class action against Defendant Circle K Stores, Inc. ("Circle K") for allegedly violating the Fair Labor Standards Act ("FLSA"). Before the Court are Grahl's Motion to Compel Defendant Circle K Stores, Inc.'s Compliance with Fed. R. Civ. P. 30(b)(6) (ECF No. 314); Circle K's Response (ECF No. 319); and Grahl's Reply (ECF No. 322). For the reasons discussed below, Grahl's motion is DENIED.

## I. BACKGROUND

Grahl filed a complaint against Defendant Circle K on February 27, 2014, on behalf of himself and others similarly situated. *See* ECF No. 1. In the Complaint, Grahl alleges that as a Nevada resident, he worked for Circle K as a store manager from 1995 until 2001 and again in 2005 until February 17, 2014. *Id*. at 1. Grahl also alleges that he and other putative class members were paid on a salary basis during their employment as store managers and were classified by Circle K as exempt from the overtime provisions of the FLSA. *Id*. at 2. According to the Complaint, Grahl and other putative class members were required to work an average of 65 hours per week, which was a policy applied nationwide by Circle K. *Id*. at 5.

Grahl's Complaint brings one cause of action against Circle K for allegedly violating the FLSA by failing to pay proper overtime compensation to Grahl and other putative class members who are also store managers. *Id.* at 7. Grahl brings his present claim as a collective action seeking to represent himself and all other store managers who worked for Circle K and were not paid overtime despite allegedly having worked more than 40 hours in a week. *See* ECF No. 1 at 6-7. Grahl seeks unpaid overtime compensation, liquidated damages, attorney's fees and costs, and compensatory and special damages. *Id.* at 2.

On August 25, 2014, Grahl filed a motion for a collective action to certify this class. *See* ECF No. 126. In that motion, Grahl and the other store managers who joined as plaintiffs in this case sought certification of this action as a nationwide collective action under Title 29 U.S.C. § 216(b). On August 26, 2015, the Honorable Richard F. Boulware II conditionally certified a collective action under 29 U.S.C. § 216(b) consisting of persons who are or were employed by Circle K as a store manager anywhere in the U.S. at any time from October 31, 2011, through the present for purposes of the FLSA claim brought by Grahl. *See* ECF No. 261 at 91.

The parties are now in the midst of discovery. Since June 2016, both parties have been attempting to schedule Rule 30(b)(6) depositions with Circle K representatives. The parties exchanged correspondence and held numerous teleconferences about the substance of the deposition topics and the appropriate number of Rule 30(b)(6) deponents to testify on the topics. After receiving Grahl's Notice of Deposition, Circle K responded with its Rule 30(b)(6) witness designations. Circle K planned to produce nine different individuals to testify on 23 deposition topics. *See* ECF Nos. 319-11; 322, Ex. 1 at 7.

Circle K alleges that its business structure is separated into seven different divisions based on geography. *See id.*; *see also* ECF No. 319-3. Circle K has designated a Human Resource ("HR")

representative from each division to testify about various topics. *Id.* In particular, for topics 5-14 and 17 of the Amended Deposition Notice, Circle K has designated six different designees, i.e., the HR representatives from each division, to speak about issues related to each designee's specific geographic division. Circle K designated Kimberley Hoppa, however, to provide testimony on deposition topics 5-9 and 17 for Circle K as a whole as well as provide Arizona specific division testimony.[1] Grahl asserts that he should not be forced to take multiple depositions of multiple deponents from various Circle K subdivisions for each noticed topic to obtain Circle K's testimony. *See* ECF No. 322 at 3. Circle K responds that the nine deponents it has proposed for the 23 deposition topics is proportional and complies with the Federal Rules of Civil Procedure. *See* ECF No. 319 at 18. Grahl seeks a single designee per topic for topics 5-14 and 17. *See* ECF No. 322 at 4.

The parties settled on a date of December 7, 2016, to depose one of Circle K's Rule 30(b)(6) witnesses, Kimberley Hoppa, director of human resources, training, and loss prevention for the Arizona Division. *See* ECF No. 314, Ex. 7. Grahl submitted a final Amended Notice of Deposition containing 23 deposition topics to Circle K on November 8, 2016. *Id.* Ms. Hoppa was scheduled to testify as to topics 4-9, and 16-20, and portions of topics 10-13 and 15 related to the Arizona division. *See* ECF No. 319-17. Ms. Hoppa testified on December 7, 2016. Ms. Hoppa's deposition was continued to January 19, 2017. *See* ECF Nos. 319-20; 319-21; and 319-22. Grahl argues that Circle K did not properly prepare and educate Ms. Hoppa for her deposition because all her preparation was focused on the

---

[1] Circle K has designated 9 different Rule 30(b)(6) designees for 23 deposition topics. *See* ECF No. 322, Ex. 1. To be clear, for topics 5-14 and 17, Circle K has designated up to 8 different designees to testify on its behalf, including Kimberley Hoppa, Linda Prince, Ginger Brown, Joyce Clemmons, Christie O'Halloran, Sandra Farthing, Paula Dill, and Troy Beatty. *See* ECF Nos. 322, Ex. 2; 314, Ex. 5; 319-11; 319-17. Circle K has designated Ms. Hoppa to testify on behalf of Circle K as a whole for topics 5-9, and 17; for topics 10-13, Ms. Hoppa is designated to testify only for issues related to the Arizona Division. Circle K has designated Ms. Prince to testify for portions of deposition topics 11 and 14. Circle K has designated Ms. Brown to testify for portions of deposition topics 10 and 14. Circle K has designated Joyce Clemmons, Christie O'Halloran, Sandra Farthing, Paula Dill, and Troy Beatty to each provide testimony on portions of deposition topics 5-14 and 17 related to their divisions.

Arizona Division. *See* ECF No. 322 at 11. Circle K responds that Ms. Hoppa was adequately prepared, but Grahl's counsel did not ask Ms. Hoppa about relevant areas of inquiry in which she was designated to speak to. *See* ECF No. 319 at 21-22. Instead, Circle K asserts that Grahl's counsel spent the bulk of the deposition questioning Ms. Hoppa about why she was not designated for certain other topics. *Id*.

The parties reached an impasse on what was required of each party under Fed. R. Civ. P. 30(b)(6). On February 3, 2017, the parties conducted a meet and confer conference, but were unable to agree on the number of Circle K's Rule 30(b)(6) designees or the requisite level of preparation for each individual designee. *See* ECF Nos. 314 at 11; 319 at 14; LR 26-7. Consequently, on June 7, 2017, Grahl filed the instant Motion to Compel (ECF No. 314).

## II. LEGAL STANDARD

Fed. R. Civ. P. 30 governs depositions by oral examination. In pertinent part, Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify … The persons designated must testify about information known or reasonably available to the organization
>
> …

The rule begins with the requirement that the notice of deposition must "describe with reasonable particularity the matters for examination." *See* Fed. R. Civ. P. 30(b)(6). The purpose of this requirement is to enable the responding organization "to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal*

*Practice and Procedure*, § 2103, 454 (3d ed. 2010).  In making its selection, the responding organization must "designate a person or persons 'who consent to testify on its behalf,' and it may 'set out the matters on which each person designated will testify." *Id*.

Once the responding party makes its designation, Rule 30(b)(6) says that "[t]he persons designated must testify about the information known or reasonably available to the organization." *Id*. The responding party must make a "conscientious good-faith endeavor to designate the persons having knowledge of the matters sought … and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed … as to the relevant subject matters." *See Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co*., 137 F.R.D. 267, 278 (D. Neb. 1989) (quoting *Mitsui & Co. v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981)); *see also Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("a corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.") (citations and quotations omitted).

Rule 30(b)(6) requires a responding organization to designate witnesses to speak for it only with respect to topics identified with sufficient specificity in the deposition notice, and even then the rule "clearly permits the corporation to designate different people to address different topics." *See* 8A Wright et al., *supra*, § 2103 at 473-75; *see also Falchenberg v. New York State Dep't of Educ*., 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008), *aff'd*, 338 F. App'x 11 (2d Cir. 2009) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent.") (citing *Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000)).

5

Rule 30(b)(6) imposes a duty on the corporation to educate its designees. *See* 8A Wright et al., *supra*, § 2103 at 456-57. The duty to educate encompasses "all information reasonably available to the responding organization." *See id.*; *see also United States ex rel Fago v. M&T Mortgage Corp.*, 235 F.R.D. 11, 25 (D. D.C. 2006) ("Although Rule 30(b)(6) requires a designated witness to thoroughly educate him or herself on the noticed topic, there must be a limit to the specificity of the information the deponent can reasonably be expected to provide."); *Great Am. Ins. Co. of New York*, 251 F.R.D. at 539 (citing *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172 (D. D.C. 2003) (corporation is obligated to produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics and facts known to the corporation or its counsel). If a responding organization "designates a witness it believes in good faith would be able to provide knowledgeable responsive testimony and it becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent." *See Great Am. Ins. Co. of New York*, 251 F.R.D. at 540.

It is well established that Rule 30(b)(6)'s duty to educate "impose[s] considerable burdens." *See* 8A Wright et al., *supra*, § 2103 at 457. But "this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *See Great Am. Ins. Co. of New York*, 251 F.R.D. at 540 (quoting *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996)); *see also Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006) (acknowledging compliance with Rule 30(b)(6) may be onerous but that the Rule's requirements "negate any possibility that an inquiring party will be directed back and forth from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding on that corporation."). For instance, a Rule 30(b)(6) designee cannot "take the position that its documents state the company's position." *Great Am. Ins. Co. of New York*, 251 F.R.D.

at 539 (citing *In re Vitamins Antitrust Litig.*, 216 F.R.D. at 174). Similarly, a Rule 30(b)(6) designee's failure to provide knowledgeable answers is "tantamount to nonappearance," which warrants sanctions. *Id.* at 543 ("The court finds Mr. Musso's inability to provide knowledgeable answers about the majority of the noticed deposition topics was tantamount to a nonappearance, and warrants sanctions.").

The reasons for this are twofold. First, the purpose of Rule 30(b)(6) is to "streamline" discovery by giving the corporation the benefit of choosing and preparing its deponent. *See id.* at 539; *see also* Fed. R. Civ. P. 30(b)(6), Advisory Committee Notes, 1970 Amendments. Second, it curbs "bandying," whereby various corporate employees are deposed, "but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to [the organization itself]." *See id.* (citing *Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940, 944 (4th Cir. 1964); *see also* 8A Wright et al., *supra*, § 2110 at 518 (describing the practice of "bandying" to include instances when various corporate employees would decline to answer questions about various subjects, referring instead to other corporate employees as the right ones to ask to obtain the information sought."). Rule 30(b)(6), therefore, forces someone to come to the table who can speak knowledgably on behalf of the corporation. Rule 30(b)(6) calls on courts to ensure that "both sides are adhering to the rule's objective of fair access to corporate information and, at the same time, to guard against overreaching by the party seeking discovery and failure of the corporate party to satisfy its obligations under the rule." *See* 8A Wright et al., *supra*, § 2103 at 457-58.

Courts have broad discretion to limit and tailor discovery to avoid abuse and overuse. The trial courts are encouraged to actively manage discovery to accomplish the goal of Rule 1 of the Fed. R. Civ. P.—"to secure the just, speedy, and inexpensive determination of every action and proceeding." *See Roberts v. Clark County School District*, 312 F.R.D. 594, 601-04 (D. Nev. 2016). Rule 26(b)(1) also emphasizes the need to impose "reasonable limits on discovery through increased reliance on the

common-sense concept of proportionality." *Id*. Where, as here, a party moves to compel compliance with Fed. R. Civ. P. 30(b)(6) under Rule 37, the party resisting discovery bears the burden of persuasion. *See U.S. Equal Emp't Opportunity Comm'n v. Caesars Entm't, Inc*., 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)).

## III. DISCUSSION

Grahl's Motion to Compel presents two questions: (1) Whether Defendant Circle K has improperly designated a disproportionate number of Rule 30(b)(6) designees along division lines for Topics 5-14 and 17 of the Amended Deposition Notice, and (2) Whether Circle K properly prepared and educated its Rule 30(b)(6) designee Kimberley Hoppa for her deposition.

The Court has reviewed the parties' briefs, relevant exhibits, including the December 2016 and January 2017 deposition transcripts of Circle K's Rule 30(b)(6) designee Kimberley Hoppa, and applicable rules and law. The Court makes the following two findings. First, Circle's designation of six designees from each of Circle K's divisions per topic for topics 5-14 and 17 does not run afoul of the text or purpose of Rule 30(b)(6). Second, the Court cannot say that Ms. Hoppa was unprepared to testify as to the specific matters that she was designated for, which included topics 4-9 and 16-20, and portions of 10-13 and 15 limited to the Arizona division.

### A. Circle K's Multiple Corporate Designations for Topics 5-14 and 17 Are Not Improper Under Rule 30(b)(6)

The parties' discovery dispute centers around deposition topics Topic 5-14 and 17. *See* ECF No. 322 at 4-9. As an example, topic no. 5 concerns "the job descriptions for various positions in Defendant's organization, including, Store Manager, Assistant Store Manager, and Market Manager, and the job duties, tasks, and responsibilities related to those positions." *See* ECF No. 314, Ex. 7 at 4. Topic no. 10 involves Circle K's "timekeeping system or systems, including the physical mechanism(s) by

which employees clock-in and clock-out; information regarding software or programs used to input, track, or monitor employee hours; information related to any subcontractor(s) or company(ies) contracted to provide timekeeping services or equipment to Defendant." *Id*. at 4-5. And topic no. 17 seeks testimony about "facts that support Defendant's claim that store managers are exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA")." *Id*. at 6.

For deposition topics 5-14 and 17, Circle K has designated one nationwide representative and six division representatives. *See* ECF Nos. 314, Ex. 4; 319-11; 319-17. The six Circle K designees are HR representatives from Circle K's regional divisions. *See* ECF No. 322, Ex. 2. Circle K alleges that it is currently split into seven divisions, each of which operates with relative autonomy with regard to the implementation of programs, policies and operating procedures. *See* ECF No. 319-3.

Grahl objects to Circle K's designation of multiple deponents for a single topic. Grahl argues that not only is such designation inefficient, but runs counter to the purposes that Rule 30(b)(6) was designed to promote. *See* ECF No. 322 at 12. Grahl also asserts that his Notice of Deposition seeks Circle K's corporate knowledge of various topics, not the knowledge of Circle K's various divisions. It is improper for Circle K to impose limitations on its designees, according to Grahl, by designating them only for the division in which they work, that is, based upon the HR representatives' personal knowledge of their separate divisions. *Id*. at 10. Grahl seeks to avoid a situation where he is forced to go from deposition to deposition only to be told "for that information, you'll have to speak with Ms. 'X.'" *Id*. at 12. Grahl argues that a single designee per topic for topics 5-14 and 17 should be sufficient. *Id*. at 4.

Relying on the text of Rule 30(b)(6), Circle K argues that it "has fully complied with its obligations under [Rule] 30(b)(6) to designate one or more witnesses for Plaintiff to obtain the information requested in his numerous deposition topics and subtopics." *See* ECF No. 319 at 18. Circle

9

K directs the Court to the procedural and factual posture of the case. Circle K claims that there are over a thousand plaintiffs seeking millions of dollars in a case that Grahl "intentionally sought to expand to include all of Circle K's various and autonomous divisions." *Id*. at 3. Circle K also asserts that Grahl has not provided any legal authority to support his argument that designating a disproportionate number of witnesses violates Rule 30(b)(6). To the contrary, Circle K points to the words in the rule itself which contemplates multiple witnesses. Circle K acknowledges that its witnesses must be prepared to testify beyond the scope of their personal knowledge about their designated topics. This does not imply, however, that the same obligation extends beyond the scope of the topics for which they are designated. *See* ECF No. 319 at 4. To prepare one person on the inner-workings of seven separate, distinct, regional divisions with their own practices, policies, state laws, etc. would be inefficient. *Id*. at 3. Therefore, Circle K argues that its proposed designees for various topics is reasonable and the most efficient way to conduct these depositions. *Id*.

The Court finds that Circle K's corporate designations for topics 5-14 and 17 are not contrary to Rule 30(b)(6). Under the text of the rule, Circle K is required to "designate other persons" to testify on its behalf and Circle K may set out the matters on which each person designated will testify. Circle K has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter. *See Great Am. Ins. Co. of New York*, 251 F.R.D. at 539 (citations and quotations omitted). The rule, however, "permits the corporation to designate different people to address different topics." *See* 8A Wright et al., *supra*, § 2103 at 473-75; *see also Poole ex rel. Elliott v. Textron, Inc*., 192 F.R.D. 494, 504 (D. Md. 2000) ("[A] corporation served with a Rule 30(b)(6) notice of deposition has a duty to produce such number of persons as will satisfy the request [and] more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.")

10

(citations and quotations omitted). The persons Circle K designates must testify about information known or reasonably available to Circle K. *See* Fed. R. Civ. P. 30(b)(6); *see also Poole ex rel. Elliott*, 192 F.R.D. at 504 ("The individuals so deposed are required to testify to the knowledge of the corporation, *not* the individual.").

Nor is the Court persuaded that Circle K's corporate designations for topics 5-14 and 17 are contrary to the purposes of Rule 30(b)(6). The Court's role in such a discovery dispute is not dissimilar to that of a referee whose job it is to ensure that both sides are adhering to Rule 30(b)(6)'s objective of fair access to corporate information and, at the same time, to guard against overreaching by the party seeking discovery and failure of the corporate party to satisfy its obligations under the rule. To that end, the Court is guided by several objectives, including Rule 30(b)(6)'s objectives to "streamline" discovery and curb "bandying," and at a more general level, the common-sense concept of proportionality and the need to actively manage discovery "to secure the just, speedy, and inexpensive determination of every action and proceeding."

In light of the procedural and factual history of this case, the Court finds that it is reasonable for Circle K to produce designees from each of its divisions, including for the same topic if necessary. On August 25, 2014, Grahl filed a motion seeking certification of this action as a nationwide collective action under Title 29 U.S.C. § 216(b). *See* ECF No. 126. Judge Boulware conditionally certified a collective action under 29 U.S.C. § 216(b) consisting of persons who are or were employed by Circle K as a store manager anywhere in the U.S. *See* ECF No. 261 at 91. Circle K alleges that it has seven Circle K divisions throughout the United States. *See* ECF Nos. 319-3; 319-11. These divisions include the (1) Southeast, (2) Gulf Coast, (3) Florida, (4) Southwest, (5) Arizona, (6) South Atlantic, and (7) West Coast divisions. *See* ECF No. 319-20 at 202-03. Grahl does not dispute this.

In addition, based on the Court's review and understanding of Ms. Hoppa's deposition, for topics 5-9, and 17, Ms. Hoppa is the Circle K Rule 30(b)(6) designee for the company as a whole and for specific knowledge of the Arizona division. Circle K appears to have company-wide templates for, *inter alia*, job descriptions. *See* ECF No. 319-20 at 206-10. Each division is then free to modify these basic templates based on their division-specific requirements and needs. *Id*. Thus, for those topics, Ms. Hoppa was prepared to testify generally for the company as a whole, but for specific differences between company-wide templates, policies, practices and procedures, and each particular division, Circle K has also designated an HR representative from each division to testify as to those differences. For topics 10-14, Circle K did not designate Ms. Hoppa as its Rule 30(b)(6) designee for the company as a whole. *Id*. at 218-19. For these topics, Circle K designated Ms. Hoppa to testify only as to matters related to the Arizona division.[2] No company-wide witness has been designated for topics 10-14, rather, Circle K has proposed an HR representative from each division to give testimony on its behalf.

Grahl's argument that he should not be forced to take multiple depositions of multiple deponents from various Circle K divisions for each noticed topic to obtain Circle K's testimony has some merit. Of course, Circle K's designations are consistent with the text of Rule 30(b)(6). Whether Circle K's designations are consistent with the purposes of Rule 30(b)(6) is a closer call. Even though a responding party's Rule 30(b)(6) designations may comply with the text of the rule, where too many corporate witnesses are designated without adequate justification, this runs afoul of the basic purposes underlying Rule 30(b)(6) and discovery in general. Grahl's concerns about the potential "bandying" from having to depose multiple deponents for multiple topics is not lost on the Court. Nevertheless, the Court is not persuaded, particularly in light of the factual and procedural history of the case and the dearth of legal

---

[2] The Court notes for clarity that Circle K designated Ms. Hoppa for portions of topics 10-13 related to the Arizona division. Circle K did not, however, designate Ms. Hoppa for topic no. 14. Instead, Circle K designated Linda Prince and Ginger Brown, along with the 5 HR representatives from each of Circle K's divisions to testify about topic 14.

authority supporting Grahl's argument about designating a disproportionate number of designees violating Rule 30(b)(6), that designating six different designees for topics 5-14 and 17 is inconsistent with the purposes of Rule 30(b)(6).

Accordingly, the Court will deny Grahl's Motion to Compel on this ground. When reconvening discovery, if Circle K's designated Rule 30(b)(6) person is not adequately prepared to testify as to the specific topic areas that Circle K has designated such persons to testify about, Grahl may suspend the deposition and demand that Circle K designate a new Rule 30(b)(6) person with adequate knowledge. If Grahl is justified in suspending the deposition and making such a demand, the Court will require Circle K to pay Grahl's attorney's fees and costs related to the rescheduled Rule 30(b)(6) deposition.

**B. Circle K's Rule 30(b)(6) designee Kimberley Hoppa Was Not Unprepared For Her Deposition**

The parties also dispute whether Ms. Hoppa was adequately prepared for her deposition. Grahl argues that Circle K failed to properly prepare and educate Ms. Hoppa for her deposition. *See* ECF No. 314 at 11. Circle K asserts that its counsel spent eight days preparing Ms. Hoppa for her deposition as one of Circle K's Rule 30(b)(6) corporate designees. *See* ECF No. 319 at 22. Circle K argues that during Ms. Hoppa's deposition, Grahl's counsel only asked Ms. Hoppa about topic No. 4, and spent the remainder of the deposition asking Ms. Hoppa about why she was not designated for certain topics. *See* ECF No. 319 at 21. Circle K asserts that it was not obligated to prepare Ms. Hoppa to testify as to why she was not designated for various topics. *Id*. at 22. Grahl argues that Ms. Hoppa's preparation was focused only on the Arizona division. *See* ECF No. 322 at 11. Grahl asserts that there are no division specific topics in his Deposition Notice and that Circle K should prepare its designees so that the fewest possible depositions are required. *Id*.

Circle K has designated Ms. Hoppa for the following topics: 4-9, 16-20, and portions of topics 10-13, 15 limited to her knowledge of the Arizona division. *See* ECF Nos. 319-11; 319-17. Based on the Court's understanding, this means that Ms. Hoppa was expected to testify on behalf of Circle K as a whole for topics 4-9 and 16-20. For topics 10-13, 15, however, Ms. Hoppa was only expected to testify about the Arizona division. After thoroughly reviewing Ms. Hoppa's deposition transcript, the Court finds that Grahl's argument that Ms. Hoppa was not prepared lacks merit. As Circle K argues, and Ms. Hoppa testified to at her deposition, Circle K spent considerable time preparing her for her deposition. Ms. Hoppa was not unprepared to be able to testify for the company as a whole as to matters 4-9, and 17. The Court's review of the deposition transcript shows this to be accurate. *See* ECF No. 319-20 at 206-10. And as Circle K points out, Grahl's counsel spent considerable portions of the deposition asking Ms. Hoppa about matters outside of the specific topics she was designated to testify about, including whether there is anyone more knowledgeable than her about the topics or about various other designated witnesses and Ms. Hoppa's knowledge about those witnesses. *See* ECF No. 319 at 12-14, 21-22; *but see* ECF No. 319 at 5 ("Circle K would be producing Ms. Hoppa as its first deponent to give an overview of the Company and also how the Human Resource Director ("HRD") in the Arizona Division handles company matters … Then, after Plaintiff deposes Ms. Hoppa on the proposed topics regarding the Arizona HRD position, Plaintiff could decide whether he sees a need to depose the remaining HRDs for the other divisions."), 16 ("For the past year, Circle K has proposed that [Grahl] take the deposition of three (3) individuals- Ms. Hoppa, Ms. Prince, and Ms. Brown, to make a determination as to whether and to what extent [Grahl] would like to continue questioning regarding division-specific topics. Circle K proposed this as a means to streamline the [22] deposition topics and as a means of efficiency.").

14

To be sure, Ms. Hoppa was not prepared to testify about the specific differences among the divisions from the company-wide basic templates for, among other matters, job descriptions. But Circle K proposed HR representatives from each division to testify about those specific division differences. This seems consistent with Circle K's Rule 30(b)(6) witness designations and the matters that Circle K 'set out … on which each person designated [would] testify." *Id*. While deposing six different corporate designees for certain topics will undoubtedly require Grahl to depose more witnesses, this is not unduly unfair or unreasonable. To the contrary, it would be impractical to require Circle K to designate one Rule (30)(b)(6) witness to learn all of the differences between each division and testify competently. Accordingly, the Court has no basis to conclude that Ms. Hoppa was not prepared for her deposition.[3]

/ / /

/ / /

/ / /

---

[3] Defendant Circle K has not requested reasonable expenses incurred in opposing this motion. Nevertheless, the Court finds pursuant to Fed. R. Civ. P. 37(a)(5)(B) that Grahl's motion to compel was "substantially justified." *See* 8B Wright et al., *supra*, § 2288 ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule."). Therefore, the Court will not order Plaintiff Grahl to pay the reasonable expenses incurred by Circle K in opposing the motion, including attorney's fees.

ACCORDINGLY,

IT IS ORDERED that Plaintiff Charles Grahl's Motion to Compel (ECF No. 314) is DENIED.

IT IS FURTHER ORDERED that the Rule 30(b)(6) Depositions shall proceed as proposed by Defendant Circle K.  Should Circle K's designated Rule 30(b)(6) persons not be adequately prepared to testify as to their designated topic areas, Grahl may suspend the deposition and demand that Circle K designate a properly prepared Rule 30(b)(6) person with adequate knowledge.  In the event Grahl is justified in doing so, the Court will require Circle K to pay Grahl's attorney's fees and costs related to the rescheduled Rule 30(b)(6) deposition.

IT IS SO ORDERED.

DATED this 31st day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE