Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Dana B. Salmonson
Nevada Bar No. 11180
dana.salmonson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

Patrick F. Hulla (*admitted pro hac vice*)
patrick.hulla@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4520 Main Street, Ste. 400
Kansas City, MO 64111
Telephone: 816.471.1301
Fax: 816.471.1303

*Attorneys for Defendant Circle K Stores, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES GRAHL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CIRCLE K STORES, INC., a foreign corporation; DOES I through V, inclusive; and ROE corporations I through V, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-305-RFB-(VCF)<br><br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND THE DISCOVERY DEADLINES IN THE AMENDED JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER PENDING SETTLEMENT DISCUSSIONS**<br><br>(*First Request*) |

Pursuant to Local Rule ("LR") IA 6-1, LR IA 6-2, LR 7-1, and 26-4, Plaintiff Charles Grahl ("Plaintiff") and Defendant Circle K Stores, Inc., ("Circle K" or "Defendant"), by and through

their respective counsel of record, hereby request and stipulate to extend the Phase One discovery deadlines as enumerated in the parties Discovery Plan and Scheduling Order (ECF No. 316) one hundred and twenty (120) days while the Parties attempt to resolve this dispute via private ADR. The current discovery cut-off date for Phase One was January 10, 2018. (*Id.*) Excusable neglect exists as to why this Stipulation was not filed prior to the expiration of the discovery deadline. The parties finalized the Stipulation and Order on November 17, 2017; however, due to a clerical error in defense counsel's office, the Stipulation was never filed. Defense counsel realized this on January 22, 2018, and immediately contacted Plaintiff's counsel to resolve this issue and get the Stipulation on file.

This is the parties First Request to extend the deadlines contained in the June 15, 2017 Amended Joint Discovery Plan and Scheduling Order.[1]

To allow adequate time to prepare for and participate in meaningful settlement discussions, the Parties agree and stipulate that the current discovery deadlines be extended while they attempt a resolution of this case in its entirety. If the Parties are unable to resolve the case in its entirety by February 1, 2018, the Parties would like additional time to conduct depositions as well as propound and respond to written discovery. In an effort to conserve resources and in the interest of judicial economy, the Parties wish to extend all discovery deadlines and allow for narrowly-focused discovery for use in settlement discussions.

Therefore, this request for an extension of time is based upon the following:

**I.     THE PARTIES' PRIOR DISCOVERY PLANS AND SCHEDULING ORDERS**

On January 16, 2015, the Parties submitted their initial Proposed Discovery Plan and Scheduling Order, ("DPSO") requesting a special scheduling review pursuant to LR 26-1(d).

---

[1] A brief history of the Parties' Prior Discovery Plans and Scheduling Orders is included in Section I of this Stipulation.

2

(ECF No. 229.) The DPSO was signed on January 23, 2015. (ECF No. 230.) On July 31, 2015, the parties submitted a Joint Request for Special Scheduling Review Pursuant to LR 26-1(d). (ECF No. 252.) Specifically, discovery was set to close on November 12, 2015; however, the Court had yet to rule on Plaintiff's Motion for Certification. (*Id*.) The parties agreed that they could not justify spending time or money on conducting class-wide discovery until the Motion for Certification was ruled on. (*Id.*) A hearing on the Joint Request was scheduled for August 26, 2015. (ECF No. 253.) The hearing was held, and the parties were ordered to submit a new proposed scheduling order within one week since the Court had also granted nationwide certification at that same hearing. (ECF No. 258.)

On September 2, 2015, the Parties filed a Stipulation and Order to extend time for the parties to submit a joint proposed DPSO. (ECF No. 260.) The Parties' First Amended DPSO was filed on September 4, 2015. (ECF No. 262.) The Court issued an Order on September 28, 2015 (ECF No. 275) that discovery deadlines could not be set in the absence of the setting an end of the opt-in period. (*Id*.) The Court also agreed that discovery will be stayed during the opt-in period, except as it relates to any outstanding discovery about which the parties agreed to meet and confer regarding any disputes. (*Id*.) Finally, the Court Ordered that the Parties were to file a Proposed DPSO within 14 days of the entry of an order setting the end of the opt-in period, including all deadlines required by LR 24-1(e). (*Id.*)

On June 14, 2017, the Parties filed an Amended Joint Stipulated Discovery Plan and Proposed Scheduling Order. (ECF No. 315.) The Court granted the Amended Joint Stipulation Discovery Plan on June 15, 2017. (ECF No. 316.)

I. **DISCOVERY COMPLETED TO DATE**

The Parties have exchanged initial disclosures in February, 2015. Plaintiff submitted the following Supplemental Disclosures: (1) First Supplemental Disclosure on February 18, 2015; (2) Second Supplemental Disclosure on August 31, 2015; and (3) Third Supplemental Disclosure on February 12, 2016. Defendant submitted the following Supplemental Disclosures: (1) First Supplemental Disclosure on February 12, 2015; (2) Second Supplemental Disclosure on February 25, 2015; (3) Third Supplemental Disclosure on March 17, 2015; (4) Fourth Supplemental

3

Disclosure on September 17, 2015; (5) Fifth Supplemental Disclosure on July 29, 2016; (6) Sixth Supplemental Disclosure on December 7, 2016; (7) Seventh Supplemental Disclosure on December 14, 2016; (8) Eighth Supplemental Disclosure on April 12, 2017; (9) Ninth Supplemental Disclosure on April 24, 2017; and (10) Tenth Supplemental Disclosure on May 26, 2017.

Plaintiff served his First set of Requests for Production of Documents and Revised First Set of Requests for Production of Documents on February 5, 2015 and February 9, 2015. Defendants responded on March 30, 2015 and supplemented its responses on May 18, 2015, May 22, 2015, June 4, 2015, June 9, 2015, June 29, 2015, and January 24, 2017.

Defendant served 236 Discovery Questionnaires to Opt-In Plaintiffs on May 20, 2015 and another 845 Discovery Questionnaires on the remaining Opt-In Plaintiffs on August 17, 2016.

Plaintiff noticed Circle K's 30(b)(6) deposition, and took portions of that deposition on December 7, 2016 and January 19, 2017.

**II.     REMAINING DISCOVERY TO BE COMPLETED**

The parties are working on identifying a narrow population of Plaintiffs to conduct discovery on ahead of settlement talks, including depositions and written discovery. Plaintiffs also plan to take Defendants relevant 30(b)(6) deponent depositions to assist in settlement discussions.

If the parties are unable to resolve the case on or before February 1, 2018, the parties plan to conduct the same/similar discovery on a larger portion of the Phase One discovery Plaintiff population, including depositions and written discovery it sees fit. Plaintiffs also plan on continuing with additional 30(b)(6) depositions, individual fact witness depositions, as well as any later-identified written discovery.

**III.    REASONS DISCOVERY CANNOT BE COMPLETED WITHIN THE ORIGINAL DEADLINE**

The parties are attempting to resolve the case via private settlement discussions. In the interest of judicial economy, the Parties believe that narrow and limited discovery to prepare for ADR is appropriate and, should the matter not resolve, be allowed additional time to conduct the remaining discovery.

**IV.     REVISED PROPOSED DISCOVERY PLAN**

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. The parties propose to the Court the following cut-off dates:

**a. Discovery Cut-off Date:** The discovery cut-off deadline shall be as follows:

Phase One: The first phase of discovery will focus on a narrow population of the opt-in Plaintiffs. The Parties agree that this population should consist of approximately 130 opt-in Plaintiffs. In order to select this population, the parties have agreed to select ten (10) persons at random from each division. This will equal seventy (70) opt-in Plaintiffs. The Parties then agree that each Party would next select thirty (30) opt-in Plaintiffs. The Parties will exchange lists to ensure that there are no duplicate selected opt-in Plaintiffs. The Parties agree that the selection process to designate the narrow population of the opt-in Plaintiffs should take no longer than approximately two weeks from the date of the Court's Order on this Discovery Plan and Scheduling Order.

The Parties also agree that they will conduct up to thirty (30) depositions of opt-in Plaintiffs within this group. The selection of these individuals will take place as follows: after receipt of the Discovery Questionnaire Responses, Plaintiffs' and Defendant's counsel will each select one (1) opt-in from each of the seven (7) divisions for a total of fourteen (14) depositions. Plaintiffs' and Defendant's counsel will then each select an additional eight (8) opt-in Plaintiffs. The parties do not intend to place specific limits on this phase of discovery (outside of the number of opt-in Plaintiffs) as it may lead to inefficiencies, *e.g.* taking Plaintiffs' and putative class members depositions twice, discovery disputes regarding the appropriate scope of discovery, etc., this phase would likely include written discovery and depositions of Plaintiff and Defendant's representatives.

The Parties agree to conduct Phase One Discovery with a discovery cut-off deadline of **Thursday, May 10, 2018, 120 days after the current deadline of January 10, 2018**. Upon the close of Phase One Discovery, Defendant will file its Motion for Decertification.

Phase Two: The second phase of discovery would occur if the Court denies Defendant's Motion for Decertification. Phase Two discovery would likely entail additional discovery for use at trial because the Parties would not have a final list of potential trial witnesses and these witnesses may be different than the sample population subject to Phase One discovery. It would include a limited amount of additional written discovery and depositions of those individuals. Should the Court deny decertification, the Parties propose that they jointly submit a subsequent scheduling order which includes deadlines for the remaining discovery, inclusive of dispositive motions and trial **twenty-one (21) days** after the Court denies the motion(s) for decertification.

### b. Motion for Decertification.

Defendant will file its Motion for Decertification on **Monday June 25, 2018**, forty-six days after the close of Phase One discovery (the 45th day is a Sunday). Plaintiffs will have thirty (30) days to respond, up to and including **Wednesday, July 25, 2018** and Defendant will have twenty-one (21) days to Reply, up to and including **Wednesday, August 15, 2018**

### c. Interim Status Report.

Should the Court deny Defendant's Motion for Decertification, the Parties propose that they jointly submit an additional proposed scheduling order which includes deadlines regarding the interim status report, the completion of discovery, dispositive motions, and trial twenty-one (21) days after the Court denies the motion(s) for decertification. A new scheduling order regarding the close of discovery and other relevant deadlines should be entered after decertification has been decided.

### d. Dispositive Motions.

Should the Court deny Defendant's Motion for Decertification, the Parties propose that they jointly submit an additional proposed scheduling order which includes deadlines regarding the interim status report, the completion of discovery, dispositive motions, and trial twenty-one (21) days after the Court denies the motion(s) for decertification. A new scheduling order regarding the close of discovery and other relevant deadlines should be entered after decertification has been decided.

6

**e.     Disclosure of Expert Witnesses.[2]**

The expert disclosure deadline shall be **Monday, March 12, 2018**, sixty-one (60) days (the 60th day is a Sunday) prior to the discovery cut-off date of _May 10, 2018 for Phase One Discovery in accordance with LR 26-1(e)(3). Rebuttal expert disclosures shall be made by **Wednesday, April 11, 2018**, thirty (30) days after the initial disclosure of experts deadline in accordance with LR 26-1(e)(3). The Parties shall have until the discovery cut-off date of Phase One Discovery to take the depositions of the experts. Expert discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rules 26-1(e)(3).

**f.     Pre-Trial Order.**

Should the Court deny Defendant's Motion for Decertification, the Parties propose that they jointly submit an additional proposed scheduling order which includes deadlines regarding the interim status report, the completion of discovery, dispositive motions, and trial twenty-one (21) days after the Court denies the motion(s) for decertification. A new scheduling order regarding the close of discovery and other relevant deadlines should be entered after decertification has been decided.

**g.     F.R.C.P. 26(a)(3) Disclosures**. The Parties agree to include their disclosures required by F.R.C.P. 26(a)(3) and any objections thereto in the joint pretrial order.

**h.     Motions in Limine/*Daubert* Motions:** Pursuant to LR 16-3(b), any motions in limine, including *Daubert* type motions, shall be filed and served thirty (30) days prior to trial unless the District Judge issues an order with a different deadline or briefing schedule. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will only be allowed with leave of court.

---

[2] The deadline to disclose experts was November 10, 2017. The parties were in discussion as to whether they were agreeable to staying or extending discovery and, therefore, did not file this Stipulation ahead of the November 10, 2017 expert disclosure deadline. They did agree that they were willing to stipulate to all new dates, inclusive of the expert disclosure deadline, if they were unable to resolve the case. Therefore, in accordance with LR 26-4, the Parties represent that their failure to act was the result of excusable neglect.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**i.** **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.

Should the Parties need additional time in excess of this initial extension for reasons related to settlement discussions, they reserve the right to request additional time from the Court.

Therefore, the Parties jointly request that this Court grant this request and extend discovery as indicated in this Stipulation.

**IT IS SO STIPULATED.**

DATED: this 23rd day of January, 2018.                DATED: this 23rd day of January, 2018.

LAW OFFICES OF STEVEN J. PARSONS                Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

*/s/ Andrew L. Rempfer*                                            */s/ Dana B. Salmonson*

Andrew L. Rempfer, Esq.                                       Anthony L. Martin, Esq.
Joseph N. Mott, Esq.                                               Dana B. Salmonson, Esq.
Scott E. Lundy, Esq.                                                3800 Howard Hughes Parkway, Suite 1500
10091 Park Run Dr Ste 200                                    Las Vegas, Nevada 89169
Las Vegas, NV 89145-8688                                    *Attorneys for Defendant Circle K Stores, Inc.*
*Attorneys for Plaintiff Charles Grahl,*
*individually and on behalf of all others*
*similarly situated*

## ORDER

**IT IS HERBY ORDERED** that the Parties' Stipulation and Order to extend discovery one hundred and twenty (120) is **GRANTED.**

**IT IS FURTHER ORDERED** that, the Parties will provide a Status Report to the Court on or before February 14, 2018 alerting the Court as to whether this matter has settled.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
1-24-2018
_____
Dated